VILLAGE OF HEWITT v. BOARD OF COUNTY COMMISSIONERS OF HUBBARD COUNTY.[1]

December 27, 1907.

Nos. 15,036—(2).

**Pauper—Settlement.**

　　In an action under section 7059, G. S. 1894, for reimbursement for expenses incurred in medical and other attendance upon a poor person, it is held that the finding of the trial court that the poor person did not have a legal settlement in defendant county is sustained by the evidence.

Action in the district court for Hubbard county to recover $201.29 for expenses incurred in the care of a sick pauper. The case was tried before McClenahan, J., who ordered judgment in favor of defendant and denied plaintiff's motion for a new trial. From the judgment entered in favor of defendant, plaintiff appealed. Affirmed.

*Geo. W. Peterson* and *B. F. Wright,* for appellant.

*E. R. Dampier,* County Attorney, for respondent.

BROWN, J.

This action was brought by plaintiff, an incorporated village in Todd county, to recover of Hubbard county, under section 7059, G. S. 1894, for the necessary expenses incurred by it in the care of and medical attendance furnished one C. A. Joslin, a poor person, who was taken down with smallpox while in plaintiff village. A trial in the court below without a jury resulted in findings and an order for judgment in favor of defendant. Plaintiff thereafter moved for

[1] Reported in 114 N. W. 261.

a new trial on the grounds, among others, (1) that the findings were not sustained by the evidence, and (2) newly discovered evidence. The motion was denied. Whereupon judgment was entered for defendant, and plaintiff appealed.

The claim of plaintiff is that at the time Joslin became afflicted with the disease which required his quarantine and expense in his care and treatment he was temporarily in Hewitt, plaintiff village, but had a legal settlement and domicile in the county of Hubbard, and that under the statute referred to plaintiff is entitled to reimbursement for the expenses incurred in his care. Plaintiff is entirely right, if its contention that Joslin had a legal settlement in Hubbard county be sustained by the evidence. The trial court found as a fact that he had not such a settlement in that county, and the correctness of that finding is challenged by the assignments of error. Our examination of the record leads to the conclusion that the findings of the court are sustained; at least, the evidence is not clearly and palpably against the findings, and within the rule applicable to such cases the conclusion of the trial court must be upheld.

The question whether the newly discovered evidence presented a case for a new trial was addressed to the discretion of the trial court. The showing made on this feature of the case does not bring to light new evidence of a character at all likely to change the result on a second trial, and we cannot, therefore, say that the court abused its discretion in denying the same. The new evidence was wholly and entirely cumulative.

Judgment affirmed.